MR. JUSTICE GROVES
delivered the opinion of the Court.
The petitioner has been cited in a divorce action to show cause why he should not be adjudged in contempt for failure to make support payments. He argues that the divorce decree providing for these payments is void.
In February 1965 the petitioner’s wife commenced the divorce action. Shortly thereafter, following a hearing, temporary orders were entered awarding custody of the minor children to the wife and ordering the petitioner to pay $180 per month for support of the wife and children. During the succeeding 20 months there were no further proceedings. On October 4, 1966, after 30-days’ notice had been given, the action was dismissed for failure of prosecution, such dismissal being under the district court’s rule. On March 1, 1967, the wife’s motion to reinstate the action was granted.
On March 13, 1967, the action was tried. The petitioner did not appear either in person or by counsel. The court announced orally that a divorce was granted and that the temporary orders entered in February 1965 were made the permanent orders of the court. The court requested counsel (who does not appear here) to prepare and submit a decree for entry. This counsel failed to do, at least until March 25, 1970. On the latter date such a divorce decree was entered, nunc pro tunc as of March 13, 1967.
*24 In the meantime, on November 1, 1968, the case was dismissed under the divorce statute (C.R.S. 1963, 46-1-6) which provided in part that “any action for divorce which shall not have been tried within one year from the commencement of the action shall be dismissed with prejudice on motion of the court or of either party, except for good cause shown.”
The local rule under which the first dismissal was entered provides as follows:
“At the fall term of court in each of the counties, all cases which have not been set for trial or pretrial and in which no progress has been made or order entered of record for twelve months or more will, unless otherwise ordered, be retired from the docket and dismissed for want of prosecution; on condition, however, that the same may be reinstated by order of Court for good cause shown during the term.”
* *
“If any such case shall not be reinstated before the expiration of the term, then such case will stand dismissed without further action of the Court. Such dismissal upon becoming final shall be with prejudice.” Sections 1 and 3, Rules of the District Court of the First Judicial District, Colorado.
Counsel for the petitioner did not realize that the district court rule had been amended in 1965, changing the terms of court. Under the rules which were in effect prior to that amendment, the fall term in 1966 would have commenced on November 8, 1966. Thus, counsel indicated to us that the first dismissal was entered in one term and the reinstatement was entered during the succeeding term. Under such a state of facts, we concluded to rule on whether the court had permanently lost jurisdiction and, therefore, issued a rule to show cause.
As both the first dismissal order and the reinstatement of the case were in the same term, the court had jurisdiction to reinstate and to proceed with the cause.
The petitioner contends that, since the decree was entered subsequent to the second dismissal, it is void. Rather, the dismissal was void. The dismissal, being under the divorce *25 act, could be effective only if there had not been a trial. There had been a trial.
The petitioner argues that “good cause” was not shown for the reinstatement. It might be doubted whether such an issue should be reviewed by us in an original proceeding. In any event, good cause was shown. The petitioner’s wife had changed attorneys prior to the time that the notice preceding the first dismissal was mailed. This change was not reflected in the court records, and the attorney then acting for the wife did not know of the notice apparently until shortly preceding the reinstatement.
The other contentions of the petitioner are without merit.
Rule discharged.